The opinion of the court was delivered by
MoEnery, J.
Plaintiffs, creditors of the defendant company, alleging its insolvency, the closing of its mills, and the absence from the State of all the officers of said company, prayed for the appointment cf a receiver of said company, the judicial sequestration of its property, and the liquidation and settlement of its affairs. The prayer was granted, a receiver appointed, the property sequestered, and order for its sales granted.
*227 Barthold & Jennings, a commercial firm of St. Louis, Missouri, and stockholders in said company to the amount of 137 shares, of fifty dollars each, appeal from the judgment. They allege the proceedings were conducted and prosecuted to judgment with undue haste, and were ex parte, the defendant company having had no opportunity to appear and defend in said suit. The company was incorporated in February, 1888. In November, 1889, its mills ceased operation. On December 2, 1889, the suit of plaintiffs was filed. On December 6, 1889, the case, on the rule to appoint a receiver, was taken up, tried, and made absolute. On the same day the receiver was appointed, gave bond and qualified. On the 9th of December the receiver applied for and obtained an order of sale of the property of the defendant company. In these proceedings, conducted so speedily, the appellants allege that there was pn v»im return on the citation to the defendant company, and the j figment on the rule is therefore a nullity.
The return on the citation is as follows:
<l Received the original citation, together with certified copy of same, and a certified copy of plaintiff’s petition and order thereon, and served said certified copy of plaintiff’s petition and order on R. S. Manard, a person over the age of fourteen years, whom I found ■at the domicil of said Independent Lumber and Improvement Company, in charge of said company’s property and will, the general manager and president being absent from the domicil of said company at the time of service, and make this my return.
“ F. P. Mix, Sheriff.”
The return is radically defective in not stating whether the name of the party to whom the citation was handed was known to the Sheriff, or whether he learned it by interrogating that person, and omitting to state the day, month and .year when the process was served. C. P., Art. 201, Sec. 2; Arts. 202, 203.
The return does not show a domiciliary service and there was no proper foundation for a default.
There was not, however, an utter want of legal service, and as the party plaintiff could have had the return corrected in accordance with the facts of the service, the proper course to pursue is to remand the case. Adams & Co. vs. Basile, 35 An. 101.
It is therefore ordered and decreed that the judgment appealed from be reversed and that the case be remanded for further proceedings, at the costs of appellees.